UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEYED MOHAMMAD REZA HOSSEINI MOGHADDAM SHANDIZ,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM; PAMELA BONDI; TODD LYONS; LAURA HERMOSILLO; and BRUCE SCOTT,<br><br>Respondents. | C26-0442 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241, docket no. 1. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**<u>Background</u>**

Petitioner Seyed Mohammad Reza Hosseini Moghaddam Shandiz is a citizen of Iran who entered the United States in November 2024 without being admitted or paroled. Pet. at ¶¶ 20–21 (docket no. 1); <u>see</u> Ex. A to Steveson Decl. (docket no. 5-1). He was released from custody in January 2025 pursuant to an Order of Release on Recognizance ("OREC"), a copy of which has not been filed. <u>See</u> Return at 1 (docket no. 4); <u>see also</u>

ORDER - 1

Pet. at ¶ 1 (docket no. 1).  In June 2025, petitioner filed an application for asylum and withholding of removal, but U.S. Citizenship and Immigration Services ("USCIS") administratively closed the application because petitioner was, at that time, subject to an expedited removal order, which deprived USCIS of jurisdiction.  *See* Ex. C to Steveson Decl. (docket no. 5-3).  On November 6, 2025, petitioner reported to the Seattle Field Office of Enforcement and Removal Operations ("ERO"), U.S. Immigration and Customs Enforcement ("ICE"), for a routine check-in, and he was taken into custody without advance notice or a pre-deprivation hearing.  *See id.*; *see also* Pet. at ¶ 23 (docket no. 1).  On December 21, 2025, petitioner was interviewed by an asylum officer.  *See* Return at 2 (docket no. 4).  The asylum officer found that petitioner demonstrated a credible fear of persecution or torture.  Ex. D to Steveson Decl. (docket no. 5-4).  The expedited removal order has been vacated, and petitioner's asylum application is scheduled for a hearing on March 24, 2026.  Return at 2–3 (docket no. 4); Ex. F to Steveson Decl. (docket no. 5-6).  Petitioner now seeks *inter alia* release from the Northwest ICE Processing Center ("NWIPC") on the ground that his re-detention was in violation of his Fifth Amendment right to due process of law.  *See* Pet. at 9, ¶ 2 (docket no. 1).

**Discussion**

      Respondents do not challenge the Court's jurisdiction, and the Court has authority to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or law or treaties of the United States."  *See* 28 U.S.C. § 2241(c)(3).  As consistently recognized in this District, whether the manner in which an alien was

ORDER - 2

1  re-detained comported with due process should be analyzed pursuant to the three-part

2  standard set forth in Mathews v. Eldridge, 424 U.S. 319 (1976).  See G.S. v. Hermosillo,

3  No. C25-2704 TSZ, 2026 WL 179962, at *2 (W.D. Wash. Jan. 22, 2026) (collecting

4  cases).  All three Mathews factors weigh in petitioner's favor:  (i) he has a protected

5  liberty interest in not remaining in custody at NWIPC, (ii) the absence of pre-deprivation

6  procedures created an unacceptably high risk of erroneous deprivation, and (iii) the

7  governmental interest in petitioner's re-detention without a hearing is minimal or

8  non-existent.  See id. at *3; P.T. v. Hermosillo, No. C25-2249, 2025 WL 3294988, at

9  *2–4 (W.D. Wash. Nov. 26, 2025); see also Yildirim v. Hermosillo, No. C25-2696, 2026

10 WL 111358, at *4 (W.D. Wash. Jan. 15, 2026) (noting that any factual disputes related to

11 the justification for the petitioner's re-detention should be resolved at a pre-deprivation

12 hearing, not after-the-fact during habeas proceedings).

13      Respondents do not assert that petitioner failed to remain in required contact with

14 ICE, that he committed a criminal offense, that he is a flight risk or a danger to the

15 community, or that any exigent reason existed for detaining petitioner without affording

16 him due process.  Rather, they argue that petitioner is subject to mandatory detention

17 pursuant to 8 U.S.C. § 1225(b)(1)(B)(ii), which relates to the inspection of aliens arriving

18 in the United States, not to noncitizens who are already present in the country.  See, e.g.,

19 Cotoc Yac de Yac v. Hermosillo, No. 25-cv-2593, 2026 WL 124334, at *2 (W.D. Wash.

20 Jan. 16, 2026) ("8 U.S.C. § 1226(a) is broader than its counterpart [§ 1225(b)] and is the

21 'default rule' for noncitizens present in the United States who are arrested and placed in

22 immigration detention."); Mena Torres v. Wamsley, --- F. Supp. 3d ---, 2025 WL

23

ORDER - 3

2855379, at *3 (W.D. Wash. Oct. 8, 2025) (§ 1226 "applies to aliens who are already present in the country, but might be removable because they either were inadmissible at the time of entry or have been convicted of one or more statutorily-enumerated criminal offenses"); see also Bautista v. Santacruz, --- F. Supp. 3d ---, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026) (vacating In re Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025)), appeal filed, No. 26-1044 (9th Cir. Feb. 23, 2026).  At a minimum, petitioner was entitled to, but has not been provided, an expeditious bond hearing, see, e.g., Del Valle Castillo v. Wamsley, No. 25-cv-2054, 2025 WL 3524932 (W.D. Wash. Nov. 26, 2025), and the Court concludes that the proper remedy for the due process violation in this matter is petitioner's immediate release.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and respondents shall immediately RELEASE petitioner Seyed Mohammad Reza Hosseini Moghaddam Shandiz from custody at the NWIPC;

(2)     Within twenty-four (24) hours of the entry of this Order, respondents shall file a declaration confirming that petitioner has been released from custody;

(3)     Respondents shall not re-detain petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker;

(4)     Respondents shall reinstate, if necessary, the OREC issued in January 2025, with the same conditions previously imposed, and petitioner shall comply with those

conditions unless they are amended after providing petitioner at least thirty (30) days' advance written notice and an opportunity to be heard; and

(5) The Clerk is directed to enter judgment consistent with this Order after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 26th day of February, 2026.

Thomas S. Zilly
United States District Judge

ORDER - 5